## ALPHEUS NETTLETON *vs.* BENJAMIN SIKES, Jr.

*An agreement, by an owner of land, that another may cut down the trees on the land, and peel them, and take the bark to his own use, is not within the statute of frauds — Rev. Sts. c. 74, § 1.*

*Where one has cut down and peeled trees on another's land, under a valid agreement that he shall have the bark, the bark becomes his property, and he has a lawful right to enter upon the land and take it away.*

TRESPASS for breaking and entering the plaintiff's close, and cutting down and carrying away trees.   The plaintiff, at the trial in the court of common pleas, introduced evidence tending to prove that the defendant, in the spring of the year 1841, entered said close for the purpose of getting, for his own use, a quantity of white oak bark, and cut down a number of white oak trees there growing, from which he peeled the bark, and afterwards took it away and converted it to his own use.

The defendant contended that he did said acts lawfully : *First*, because he had made a valid contract with the plaintiff, by which it was agreed that the defendant should cut the trees, and peel them, and take the bark to his own use, and that he was to pay to the plaintiff a certain price per cord therefor, and was to cut up the wood for the plaintiff, at the market price for cutting :   *Secondly*, because, if such contract should not be proved, the defendant had a parol license from the plaintiff to enter said close, and to do whatever he did thereon.   And the defendant introduced evidence tending to prove each of said grounds of defence.

The plaintiff then introduced evidence tending to prove, that after said trees were cut and peeled, and before said bark was taken from the close, he forbade the defendant to go upon the close and carry away said bark

Upon this evidence, the court instructed the jury, " that if only a license and no contract was proved, the subsequent for bidding by the plaintiff, if proved, would be a revocation of such license, and that any subsequent entry, by the defendant, on the close, was a trespass for which the plaintiff was entitled to recover; but that if a valid contract was proved, as contended for by the defendant, the plaintiff could not, by his own act or prohibition, after the trees had been cut and the bark peeled, by virtue of such contract, rescind or revoke such contract, so as to make the defendant a trespasser by reason of his subsequent entry on said close, for the purpose of taking and carrying away said bark."

The jury returned a verdict for the defendant, and the plain tiff alleged exceptions to said instructions.

It was admitted, at the argument, that the contract, of which the defendant gave evidence at the trial, was not in writing.

*Ashmun*, for the plaintiff.

*H. Morris & G. B. Morris*, for the defendant.

WILDE, J. We think it very clear that the instructions to the jury were correct, and are sustained by the authorities. Such an oral contract as was proved to the satisfaction of the jury, in this case, is obligatory on the parties, and is not within the statute of frauds. *Claflin* v. *Carpenter*, 4 Met. 583, and cases there cited. A beneficial license, to be exercised upon land, when acted upon under a valid contract, cannot be countermanded. *Tayler* v. *Waters*, 7 Taunt. 384. *Liggins* v. *Inge*, 7 Bing. 682. *Whitmarsh* v. *Walker*, 1 Met. 316.

In the present case, when the bark was peeled, it became the property of the defendant, by the terms of the contract; and if the plaintiff had taken it away, he would have been liable to the defendant in an action of trover. The bark being the property of the defendant, and being on the plaintiff's land with his consent, and in pursuance of the contract, he had no right to prevent the defendant from taking it away. See *Wood* v. *Manley*, 11 Adolph. & Ellis, 34.

*Exceptions overruled.*